DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DARIN ROSS and : <br> FIONA ROSS, <br> : <br> Plaintiffs :     CIVIL ACTION NO. 1:19-57 <br> : <br> v.                               (JUDGE MANNION) <br> : <br> AARP SERVICES, INC., <br> AARP, INC., GRUPO : <br> COOPERATIVO SEGUROS <br> MULTIPLES, COOPERATIVA : <br> DE SEGUROS MULTIPLES DE <br> PUERTO RICO, OVERSEAS : <br> INSURANCE AGENCY, INC., <br> SEDGWICK CLAIMS : <br> MANAGEMENT SERVICES, <br> INC., VERICLAIM, INC., and : <br> BYRON GILCHREST, <br> : <br> Defendants <br> : | |

**<ins>MEMORANDUM</ins>**

Pending before the court are motions to dismiss plaintiffs' first amended complaint filed on behalf of defendants Sedgwick Claims Management Services, Inc. ("Sedgwick"), Vericlaim, Inc. ("Vericlaim"), and Byron Gilchrest ("Gilchrest") (collectively the "Adjusters") (Doc. 137), and defendants Grupo Cooperativo Seguros Multiples ("GCSM") and Cooperativa de Seguros Multiples of Puerto Rico ("CSM") (Doc. 152).

Plaintiffs filed their original complaint claiming that defendants' wrongful actions, individually and collectively, prevented them from receiving full benefits due to them under their homeowner's insurance policy after Hurricane Maria devastated the island of St. Croix in the Virgin Islands on September 19 and 20, 2017. (Doc. 1). By memorandum and order dated March 31, 2021, the court ruled upon various motions to dismiss plaintiffs' original complaint. (Doc. 91, Doc. 92). In doing so, the court dismissed Count 6 (unfair trade practice) of the complaint against AARP Services, Inc., AARP, Inc., GCSM and CSM, as well as Count 9 (tortious interference with contractual relations) of the complaint against the Adjusters, for failure to state a claim upon which relief can be granted. Plaintiffs then sought and were granted permission to file a first amended complaint. (Doc. 122, Doc. 126). Plaintiffs' first amended complaint was filed on December 13, 2021. (Doc. 128). The Adjusters and GCSM and CSM have now separately filed motions to dismiss plaintiffs' first amended complaint. (Doc. 137, Doc. 152).

### I.     ADJUSTERS' MOTION TO DISMISS[1]

The supporting factual allegations set forth in plaintiffs' first amended complaint essentially mirror those of the original complaint. (Doc. 1-1, ¶¶1-101, Doc. 128, ¶¶1-101). Only the allegations as to the adjusters have changed.

As to the Adjusters, plaintiffs claim as follows:

> Plaintiffs' First Amended Complaint here alleges that the Adjuster Defendants submitted fraudulent estimates of Plaintiffs' damages on multiple occasions (except for personal property damages)(¶ 62-63, 69; 80); attempted to coerce Plaintiffs into accepting the fraudulent estimates by claiming "it would be faster" if they agreed to the false damage estimates (¶¶ 67-68, 70-71); delayed in preparing a proper estimate of damages (¶78-79); and, delayed submission of the final proof of loss until after Real Legacy was in liquidation (¶ 97).

(Doc. 149, p. 2).

In their first amended complaint, plaintiffs bring claims for breach of contract – third party beneficiary (Count 7) and gross negligence (Count 8) against the Adjusters. In seeking to dismiss plaintiffs' first amended complaint, the Adjusters make three arguments. Initially, the Adjusters argue that plaintiffs fail to state a claim for breach of contract against Gilchrest

---

[1] The Adjusters' motion to dismiss has been brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court has previously discussed the standard applicable to 12(b)(6) motions and incorporates that discussion from its March 31, 2021 memorandum herein by reference.

individually. Next, the Adjusters argue that plaintiffs' claim that they are intended beneficiaries of the contract between the Insurers and Adjusters is not plausible given the insurance policy language providing for an appraisal process and plaintiffs' factual allegations. Finally, the Adjusters argue that plaintiffs' claim for gross negligence is impermissible under the economic loss doctrine.

In opposing the Adjusters' motion to dismiss[2], plaintiffs rely heavily upon the decision of *Halliday v. Great Lakes Ins. SE*, 2019 WL 3500931 (D.V.I. Aug. 1, 2019), for all arguments. In *Halliday*, the plaintiff insured his boat with Great Lakes Insurance SE ("Great Lakes"). *Id.* For purposes of insurance coverage, plaintiff obtained an estimate of the boat's value from Davis Marine Surveying and Adjusting ("Davis"). Plaintiff's boat was damaged by Hurricane Irma. *Id.* Plaintiff filed a claim with Great Lakes. Davis provided a repair estimate of $320,000 to $350,000 to repair the boat. Great Lakes contracted with Wager & Associates, Inc. ("Wager") to adjust plaintiff's

---

[2] Plaintiffs argue in their opposing brief that, by permitting the filing of the first amended complaint, the court has already determined that plaintiffs have properly alleged causes of action against the Adjusters. (Doc. 149, pp. 10-11). However, in allowing plaintiffs' amendment, the court specifically noted that, while it was allowing the filing of the first amended complaint, any substantive challenge to plaintiffs' first amended complaint could be made by way of a properly filed motion to dismiss. (Doc. 126). Thus, the court made no finding as to the viability of plaintiffs' claims at that time.

claim for damages. Based upon information it received from Wager that Davis had inflated the original value of the boat and that it believed that the damage to plaintiff's boat was the result of poor maintenance, as opposed to storm damage, Great lakes declined to cover the claim. As a result, plaintiff sued Great Lakes, Wager and the underwriter of the insurance policy.

Plaintiff in *Halliday* asserted a claim of gross negligence against Wager (the adjuster) and further alleged that he was a third party beneficiary of the contract between Great Lakes and Wager (the insurer and adjuster). In considering plaintiff's claims, the court found two things of significance here. Initially, the court found that "insurance claimants have a common law cause of action against insurance adjusters for gross negligence but are categorically barred from bringing claims against adjusters for ordinary negligence." *Id.* at *9. In so finding, the court stated:

> "[J]urisprudence should not be in the position of approving a deliberate wrong," and a claimant should have recourse against an adjuster who operates in a manner that undermines the integrity of an insurance claim adjustment or sabotages what otherwise might be a legitimate claim. Indeed, the type of conduct that could constitute gross negligence on the part of the adjuster might not even create liability for the insurance company. An adjuster should not be able to cloak itself as an agent of the insurer for such behavior. To do so could potentially erode the public's faith in the private insurance process.

*Halliday*, 2019 WL 3500913, at *12. The court further found that plaintiff could assert a third party beneficiary claim for breach of contract against Wager

- 5 -

explaining that "an agent may be personally liable in contract when he acts on behalf of an undisclosed principal or exceeds the scope of his authority. In that case, the court provided that "[p]laintiff was aware of the principal – Great Lakes – the allegations within the [amended complaint] are consistent with the notion that Wager acted well beyond what Great Lakes authorized it to do." *Id.* at \*15 (quoting *Francis v. Miller*, 26 V.I. 184, 186 (Terr. V.I. Sept. 6, 1991)).

In the case at hand, the Adjusters argue that plaintiffs cannot bring a claim against Gilchrest. Gilchrest is an agent of Sedgwick and Vericlaim. Although he is not a party to the contract between Sedgwick and Vericlaim and the Insurers, he is alleged to be an agent of Sedgwick and Vericlaim. The *Halliday* court has found that an agent of a contracting party may be liable for breach of contract if the agent acted outside the scope of his authority. Plaintiffs have so alleged in this case claiming that Gilchrest exceeded his authority by, among other things, submitting fraudulent estimates of plaintiffs' damages (except for personal property damages) and attempting to coerce plaintiffs into accepting the fraudulent estimates by claiming it "would be faster" if they agreed to the false damage estimates. At this juncture, it appears that plaintiffs' allegations are sufficient to survive a motion to dismiss as found by the Virgin Islands courts and, as such, the

court will deny the Adjusters' motion at this early stage. However, it will be for plaintiffs to establish each element of their contract-based claims at the summary judgment stage.

The Adjusters next argue that plaintiffs' claim that they are intended beneficiaries of the contract between the Insurers and Sedgwick and Vericlaim is not plausible, given the language of the insurance policy and the factual allegations of the first amended complaint. Initially, it is the contract between the Insurers and Sedgwick and Vericlaim to which plaintiffs claim to be an intended beneficiary. While plaintiffs have provided the insurance policy, any adjustment contract between the Insurers and Sedgwick and Vericlaim has not been provided. In order to demonstrate intended beneficiary status, the *Halliday* court provided:

> [T]he third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party. [When reviewing such a claim, the court] examine[s] the terms of the contract as a whole, giving them their ordinary meaning. **The contract need not name a beneficiary specifically or individually in the contract**; instead, it can specify a class clearly intended by the parties to benefit from the contract. (Emphasis added.)

*Halliday*, 2019 WL 3500913 at *15. In *Halliday*, the court concluded that whether a party is a third party beneficiary is a mixed question of law and fact which must be permitted to proceed beyond the dismissal stage. Thus, at this stage, the court will allow plaintiffs' intended beneficiary claim to

proceed. Again, with the proviso that plaintiffs must establish all elements of their claim at the summary judgment stage.

Finally, the Adjusters argue that plaintiffs' claim for gross negligence is impermissible under the economic loss doctrine. This court had previously found that the economic loss doctrine acted to bar plaintiffs' claim against the Adjusters for tortious interference of contractual relations in relation to the insurance contract. As discussed above, however, the District Court for the Virgin Islands has found that insurance claimants have a common law cause of action against insurance adjusters for gross negligence. Moreover, plaintiffs argue that, beyond the contract, the Adjusters had a statutory duty to "be actuated by good faith, abstain from deception, and practice honest and equity in all insurance matters." Title 22, V.I.C., §2. The merits of the claim have not been challenged. As a result, at this stage of the proceedings, the court will allow the plaintiffs' gross negligence claim to proceed.

In light of all of the foregoing, the Adjusters' motion to dismiss plaintiffs' first amended complaint will be denied. Any further argument with respect to the viability of Counts 7 and 8 of the plaintiffs' first amended complaint can be raised by way of a motion for summary judgment following discovery.

## II.  MOTION TO DISMISS BY GCSM AND CSM

Initially, GCSM and CSM have pending before the court an argument that plaintiffs failed to properly effect service upon CSM. This argument was raised by defendants in their original motion to dismiss and is outstanding. (Doc. 40, pp. 17-19).[3]

Federal Rule of Civil Procedure 4(h) permits service to be made upon a corporation in one of two ways:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h).

---

[3] GCSM and CSM indicated only that they were filing their initial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and the court addressed the motion in that regard. Upon review, defendants' brief does contain discussion of the matter of service of process by plaintiffs on CSM. Therefore, since the defense was raised and not addressed earlier, the court will entertain defendants' argument as to service of process.

Federal Rule of Civil Procedure 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1). Virgin Islands law adopts the Federal Rules with respect to service of process with only minor exceptions that are not relevant to the current matter. *Pickering v. Arcos Dorados Puerto Rico, Inc.*, 2016 WL 1271024, at *3-4 (D.V.I. Mar. 30, 2016).

Defendants argue that plaintiffs provided proof of service on CSM which shows service upon them through CT Corporation in the State of Florida.[4] According to CSM, it is a Puerto Rico Corporation and has not been doing business in Florida since 2010. CSM argues that CT Corporation is not authorized to accept service of process on its behalf and has not been authorized to do so since CSM culminated its affairs in Florida in 2013.[5] CSM argues that service is deficient pursuant to Fed.R.Civ.P. 4.

---

[4] Upon review of the docket, although plaintiffs have filed a return of service with respect to GCSM (Doc. 62), they have not filed a return of service for CSM.

[5] CSM offers that the court may take judicial notice of the fact that a consent order was entered on January 11, 2013 with the Florida Office of Insurance Regulations (Case No. 130007-12-CO) in which CSM discontinued renewing or writing any new business in the State of Florida.

Rule 4(h) requires that a copy of the complaint be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h). "The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Federal Rule of Civil Procedure 4." *Thomas v. Bonanno*, 2013 WL 3958772, at *2 (D.V.I. July 30, 2013)(citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

Here, plaintiffs do not challenge that they attempted service upon CSM at CT Corporation in Florida. They further do not challenge that CSM ceased doing any business in the State of Florida in 2013, and that, since that time, CT Corporation has not been authorized to accept service on behalf of CSM. The record is devoid of any information establishing that CT Corporation was authorized to receive service on behalf of CSM. As such, plaintiffs have failed to meet their burden of establishing that service was properly effected upon CSM. Accordingly, the court finds service of process upon CSM insufficient. Plaintiffs' first amended complaint will be dismissed as to CSM.

Defendants additionally move to dismiss plaintiffs' first amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). Plaintiffs respond that defendants have waived any issue of personal jurisdiction

under Rule 12(b)(2) by failing to raise the defense in their original Rule 12 motion. The Court agrees.

Rule 12(g)(2) specifically states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed.R.Civ.P. 12(g)(2). Under Rule 12(h)(1), a defendant waives the defense of lack of personal jurisdiction by:

> **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> **(B)** failing to either:
>
> > **(i)** make it by motion under this rule; or
> >
> > **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1).

Rule 12(g)(2), is "intended to eliminate unnecessary delay at the pleading stage by encouraging the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense simultaneously rather than interposing these defenses and objections in piecemeal fashion." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (citation and internal quotation marks omitted); *see also Myers v.*

- 12 -

*Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982) ("Such a rule reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant and his choice of forum for the action."); Fed.R.Civ.P. 12(g), (h) advisory committees notes to 1966 amendment (stating that the purpose of requiring all defenses to be listed in one pleading is to prevent "piecemeal consideration of a case" and to "allow the court to do a reasonably complete job" assessing the threshold defenses of a party).

Defendants filed an initial motion to dismiss in this action in which they argued for dismissal pursuant to Fed.R.Civ.P. 12(b)(5) and (b)(6). Defendants could have, but did not, assert a defense pursuant to Fed.R.Civ.P. 12(b)(2). As such, the court finds defendants are now barred from raising their defense of lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). *See Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 666-67 (E.D. Pa. 2014) (finding that Rule 12(g)(2) prohibited the defendant from moving to dismiss a claim that was found in a prior challenged pleading because the new amended complaint "did not alter any of the factual allegations relevant to" that claim).

Defendants argue, in the alternative, for dismissal of plaintiffs' first amended complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The court entertained defendants' arguments in relation to plaintiffs' original complaint. In filing the first amended complaint, plaintiffs' claims against these defendants have not changed. For the reasons set forth in its memorandum and order dated March 31, 2021, any argument by defendant GCSM that plaintiffs' complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) will be denied. It will be necessary, however, for plaintiffs to establish each element of their claims against defendant. Any argument that they are unable to do so after discovery may be raised in a properly filed motion for summary judgment.

Based upon the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNNION**
**United States District Court**

**DATE: September 29, 2022**
19-57-02