# EXHIBIT 2

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **RUTH MILLER AND GALEN G. SWINGEN,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**AARP SERVICES, INC., AARP, INC., AARP OF THE VIRGIN ISLANDS, INC., GRUPO COOPERATIVO SEGUROS MULTIPLES, COOPERATIVA DE SEGUROS MULTIPLES OF PUERTO RICO, OVERSEAS INSURANCE AGENCY, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., VERICLAIM, INC., AND RUSSELL RAGSDALE,**<br><br>DEFENDANTS. | CASE NO. 1:19-CV-49-MEM-EAH |

**PROPOSED PROTECTIVE ORDER GOVERNING**
**CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

It is hereby ORDERED this _____ day of April 2023, as follows:

1. During this proceeding, the parties intend to exchange information and may reveal to each other certain information that may constitute confidential information. The purpose of this Protective Order is to establish procedures and restrictions for ensuring the continued confidentiality of such information while at the same time encouraging the limited disclosure and use of information relevant to the resolution of this dispute.

2. As used herein, the following words shall have the following meanings:

a. "Party" or "parties" means one or more of the following: Ruth Miller, Galen Swingen, Karen DeWolfe, Alan DeWolfe, Darin Ross, and Fiona Ross, AARP Services, Inc., AARP, Inc., Grupo Cooperativo Seguros Multiples, Cooperativa de Seguros Multiples of Puerto Rico, Overseas Insurance Agency, Inc., Sedgwick Claims Management Services, Inc.,

1

Vericlaim, Inc., Byron Gilchrest, and Russell Ragsdale, or any other person or entity that may produce documents in response to formal or informal discovery;

        b.      "Court" or "this Court" means the District Court of the Virgin Islands, Division of St. Croix, or any other court or arbitration panel having jurisdiction of this action (as defined below) or of any appeal thereof;

        c.      "This action," "this litigation" and "the court action" shall include all three of the related cases pending in this Court, as agreed to in the Parties' Joint Discovery Plan, bearing the following case numbers: Case No. 1:19-cv-49; Case No. 1:19-cv-0056; and Case No. 1:19-cv-57, all pending in this Court;

        d.      "Protective Order" or "Order" shall mean the instant Protective Order Governing Confidentiality of Documents and Information.

        3.      Any party hereto may designate as "Confidential" or "Highly Confidential" (collectively, "Protected Information") any information, including documents being produced, interrogatory answers, responses to requests for admissions, transcripts of deposition testimony, and/or deposition exhibits, disclosed, furnished, or submitted, either voluntarily or pursuant to Court order, to any other party in this litigation. Such designation shall be made pursuant to the procedure set forth in paragraph 5 below after a good faith determination that the material contains trade secrets, sensitive financial information, health information, business or commercial proprietary information, or other confidential information that is entitled to protection under Federal Rule of Civil Procedure 26(c).

        a. "Confidential" information shall be defined to include: any material which contains any "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

    b. "Highly Confidential" information shall be defined to include: any information that the producing party in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure and the material is of a highly proprietary or technical nature constituting trade secrets or competitively sensitive information such as financial or pricing data that could potentially be used by (1) the requesting party, or (2) expert consultant or witness engaged for purposes of this matter, or (3) a non-party to the litigation, for commercial use or otherwise to harm competition or the competitive position of the producing party or any other party or entity.

  4. All information designated as "Confidential" shall not be disclosed to any person other than:

    a. Counsel for parties to this action, including necessary secretarial, paralegal, support, and clerical personnel assisting counsel;

    b. The parties, their directors and officers, and their employees who, based on their position, have a need to know in connection with this litigation;

    c. Qualified persons transcribing or recording testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

    d. Experts and consultants and their staff who are employed for the purposes of this litigation;

    e. The Court, the officers of the Court, and such other personnel as may be authorized by this Court;

   f. Other persons by written agreement of the parties or by agreement by the parties on the record in a deposition in the form affixed hereto as Appendix 1.

 5. For parties to this action that are also parties in the related cases pending in the United States Virgin Islands Superior Court, Confidential Information shall be available to use with the same restrictions as identified in paragraph 4 in those related cases.

 6. Protected Information may possibly be used by the receiving party in an action to appeal or enforce any order of the Court. In connection with any such action, the party shall continue to treat the Protected Information as "Confidential" or "Highly Confidential" as provided in this Protective Order to the extent permitted by the appellate or enforcing tribunal and will seek leave from such tribunal to file Protected Information under seal in such tribunal.

 7. Further, all information designated as Highly Confidential shall not be disclosed to any person other than:

   a. Counsel for the parties to this action, including necessary secretarial, paralegal, support, and clerical personnel assisting counsel;

   b. The Court, the officers of the Court, and such other personnel as may be authorized by this Court;

   c. Qualified persons transcribing or recording testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

   d. Any other individuals to whom the designating party agrees in writing certain Highly Confidential information may be disclosed.

   e. For the avoidance of doubt, Highly Confidential information shall not be shared with parties to this action or anyone not identified under subsections (a) through (d).

8.      Any document containing Protected Information shall be stamped on each page with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise identified by the party disclosing such information as Protected Information, in a manner that does not obstruct the contents of the document, and the information contained therein shall not be disclosed except as provided in paragraph 4 above.  Protected Information not contained in a document shall be identified as such, orally or in writing, at the time it is furnished, and such information shall not be disclosed except as provided above in paragraph 4.

9.      In the case of depositions, counsel for the designating party shall state on the record that the deposition, deposition exhibit, or specified portion thereof involves Protected Information, which is to be protected from disclosure by this Order.  Upon preparation of the deposition transcript, the Court Reporter shall segregate the testimony transcribed and designated as "Confidential" or "Highly Confidential", and bind the segregated portion(s), and label it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the designation given by the designating party.

10.     All information designated as "Confidential" or "Highly Confidential" pursuant to this Order that is furnished or submitted in connection with a motion or other proceeding in this action shall be submitted under seal.

11.     Before any person described in paragraph 4(b), 4(c), 4(d), 4(f), 7(a), 7(b), 7(c) or 7(d)  may be permitted to access Protected Information produced by any other party, such party shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by it.

12.     Nothing in this Protective Order shall preclude any party from asserting the attorney-client or other privilege or the work product doctrine protection as to any information.

5

13. Any party to this Protective Order reserves the right, for good cause shown, to challenge the designation of information as Protected Information, including but not limited to deposition testimony, by petitioning the Court to negate the designation as "Confidential" or "Highly Confidential" of any document or information previously designated under this Order, provided that the receiving party first makes a good-faith attempt to resolve the dispute informally with the disclosing party.

14. If a party to this Protective Order wishes to disclose information designated as "Highly Confidential" to consulting or testifying experts or consultants and their respective staff who are employed for the purposes of this litigation, that party and the designating party shall make a good-faith attempt to reach an agreement that will allow such disclosure. The party wishing to disclose information designated as "Highly Confidential" to an expert or consultant shall (i) inform the designating party of a desire to disclose the information, (ii) explain the basis on which any such disclosure would be made, including the basis on which any such disclosure would be necessary for the expert's or consultant's opinions in this action, and (iii) inform the designating party of the employment information of any such expert or consultant, or other information that would enable the designating party to assess whether disclosure of "Highly Confidential" information to such expert would enable its commercial use or otherwise to harm competition or the competitive position of the producing party or any other party or entity. Factors that may influence such efforts include whether the document containing information that the party wishes to disclose to an expert or consultant can be redacted so as to allow disclosure of information that is not Highly Confidential. Nothing in this paragraph 14 shall be construed to require a party to disclose Privileged Information (as defined in paragraph 20) to any other party.  If efforts to reach an agreement on such disclosure are not successful, either

party may seek the Court's assistance. In no case may Highly Confidential information be shown to any party outside those identified in paragraph 7(a), 7(b), 7(c), or 7(d) absent either leave of the Court or the designating party's agreement.

15. The person asserting the "Confidential" or "Highly Confidential" designation shall have the burden of proving that the material in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c) and this Order. Unless and until the Court rules that the material in question is not Protected Information, the designated information shall continue to be treated as such pursuant to the terms of this Order.

16. A party receiving discovery or other materials from another party ("Receiving Party") shall be entitled to designate as "Confidential" or "Highly Confidential" any materials produced by a party ("Producing Party") that are not marked as "Confidential" or "Highly Confidential" by the Producing Party, provided that the Producing Party is notified in writing of such designation within seven (7) days of receipt by the Receiving Party. A Receiving Party's designation of such materials as "Confidential" or "Highly Confidential" shall qualify and render such materials as Protected Information under the terms of this Order, so long as such designations are made in good faith and in accordance with Federal Rule of Civil Procedure 26(c).

17. Protected Information shall be used only for the purpose of this litigation. Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of the Protected Information in order to ensure that the confidential nature of the information is maintained.

18. Protected Information does not include information that is or becomes known publicly through no fault of the Receiving Party; is obtained or otherwise available from a public

or non-confidential source; or is known to the Receiving Party prior to its disclosure in this proceeding, provided that the foregoing clause shall not relieve any person of confidentiality obligations arising under any other confidentiality agreement, protective order, or similar contract or order. Nothing in this Order shall be deemed to restrict in any way any party or its counsel with respect to the party's own documents or to information or documents lawfully obtained from other sources.

19. The inadvertent failure of any party to mark or designate information or testimony as Protected Information at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably prompt manner. After such inadvertent oversight is rectified, the material must be treated as though it had been so designated in a timely fashion.

20. The production of any privileged or otherwise protected information will not constitute a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine ("Privileged Information"), for that document or for the subject matter of the disclosed document. The producing party will not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. A party may seek the return or destruction of any document produced in this action that the party later claims should have been withheld as Privileged Information, including on the grounds of privilege or the work product doctrine, by identifying the document in writing within 10 business days of discovery of the production ("Notice Recall"). When the party who received Privileged Information becomes aware of such, the party will promptly notify the producing party of such production and take reasonable steps

to avoid further disclosure of Privileged Information. Upon receipt of a Notice Recall, a receiving party will return all such information to the producing party within 5 business days, and, within 30 days, destroy any and all electronic or paper copies of the Privileged Information in the receiving party's possession, including those it disseminated to others. The receiving party will certify in writing to the producing party that all copies and portions thereof have been returned and destroyed. A party is entitled to rely on these non-waiver provisions regardless of when the disclosure is discovered or who discovers it.

21. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of (a) whether any particular material is or is not confidential provided the party has complied with the procedures set forth herein; or (b) whether any particular material is or is not relevant to any issue in this case. No party, by entering into this Protective Order, concedes that any document, material, or information designated as Protected Information is, in fact, Protected Information. However, no information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order shall be disclosed except as provided herein unless and until the Court orders the release of such information from the confidentiality provisions of this Protective Order. Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial, hearing, or appeal except pursuant to any other order entered by the Court.

22. Within 60 days after the conclusion of this litigation and the exhaustion of all appellate rights or the expiration of the period to pursue such appellate rights, including the right to seek rehearing, the receiving party will destroy all documents containing unredacted Protected Information, and outside counsel shall confirm in writing that the destruction has taken place.

23. Notwithstanding the above requirements to destroy documents, outside and in-house counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information, and (2) one complete set of all documents filed in the litigation. Any retained Protected Information will continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

ENTERED this _____ day of _____, 2023.

_____
Judge
District Court of the Virgin Islands

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| RUTH MILLER AND GALEN G. SWINGEN,<br><br>PLAINTIFFS,<br><br>v.<br><br>AARP SERVICES, INC., AARP, INC., AARP OF THE VIRGIN ISLANDS, INC., GRUPO COOPERATIVO SEGUROS MULTIPLES, COOPERATIVA DE SEGUROS MULTIPLES OF PUERTO RICO, OVERSEAS INSURANCE AGENCY, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., VERICLAIM, INC., AND RUSSELL RAGSDALE,<br><br>DEFENDANTS. | CASE NO. 1:19-CV-49-MEM-EAH |

## **APPENDIX 1**

The undersigned acknowledges that he/she has read the Protective Order entered in the above-captioned action on _____, 2023, and attached hereto; understands the terms thereof; and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the District of the Virgin Islands, in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use materials designated as Protected Information solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm, or concern.

Name: _____   Address: _____

Title: _____   _____

_____

Capacity/Role in the Litigation: _____